IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSE SOTO-SILVA, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 4:20-CV-669-O |
| | § | (NO. 4:17-CR-216-O) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Came on for consideration the motion of Jose Soto-Silva, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response, the record, including the record in the underlying criminal case, No. 4:17-CR-216-O, styled "United States v. Jennifer Louann Cherry, et al.," and applicable authorities, finds that the motion should be denied.

**I. BACKGROUND**

The record in the underlying criminal case reflects the following:

On October 18, 2017, movant was named with others in a thirteen-count information charging him in count one with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[1] 247. Movant and his attorney signed a waiver of indictment. CR Doc. 251. They also signed a factual resume setting forth the penalties movant faced, the elements of

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:17-CR-216-O.

the offense charged, and the stipulated facts establishing that movant had committed the offense. CR Doc. 252.

On November 1, 2017, movant appeared before the United States Magistrate Judge to enter a plea of guilty to the information. CR Doc. 359. Movant and his counsel signed a consent to administration of guilty plea and allocution by United States Magistrate Judge. CR Doc. 360. Movant testified under oath that: He understood he should never depend or rely upon any statement or promise by anyone as to what penalty would be assessed against him and that his plea must not be induced or prompted by any promises, pressure, threats, force or coercion of any kind; he had discussed with his attorney the charge against him, the matter of sentencing, and how the guidelines might apply; the Court would not be bound by the stipulated facts and could take into account other facts; he committed the essential elements of the offense; he had had sufficient time to discuss the case and the charge against him with his attorney and he was satisfied with the representation provided; no one had mentally, physically, or in any other way attempted to force him to plead guilty; no one had made any promises or assurances to him in any kind of effort to induce him to enter a plea of guilty; and, the stipulated facts in the factual resume were true and correct. CR Doc. 715 at 4–57. The magistrate judge found that the plea was knowing and voluntary. *Id.* at 57–58. He issued a report and recommendation that the plea be accepted. CR Doc. 365. Movant did not file objections and the Court accepted the plea. CR Doc. 392.

The probation officer prepared the presentence report ("PSR"), which reflected that movant's base offense level was 36. CR Doc. 431, ¶ 33. He received two-level increases for possession of a dangerous weapon, *id.* ¶ 34, importation from Mexico, *id.* ¶ 35, and maintenance of a drug premises. *Id.* ¶ 36. He received a two-level and a one-level reduction for acceptance of

responsibility. *Id.* ¶¶ 42, 43. Based on a total offense level of 39 and a criminal history category of I, his guideline imprisonment range was 262 to 327 months. *Id.* ¶ 73. Movant filed objections, CR Doc. 592, and the probation officer prepared an addendum to the PSR. CR Doc. 617.

The Court sentenced movant to a term of imprisonment of 240 months, a downward variance. CR Doc. 678. He appealed. CR Doc. 688. His sentence was affirmed. *United States v. Soto-Silva*, 772 F. App'x 191 (5th Cir. 2019).

## II. GROUND OF THE MOTION

Movant alleges that he received ineffective assistance of counsel because his attorney failed to file a motion to suppress. Doc.[2] 1 at PageID[3] 4.

## III. APPLICABLE STANDARDS OF REVIEW

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.
[3] The "PageID __" reference is to the page number assigned by the Court's electronic filing system and is used because the typewritten page numbers on the form used by movant are not the actual page numbers of the document.

3

direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory

4

allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV. ANALYSIS

In support of his motion, movant alleges that he was forced to sign a consent to allow officers to search his home. He says that the form was in English, which he does not read, write, or speak. He says he did not know he had a right to refuse to consent. And, had he been informed of this right, he would not have pleaded guilty but would have insisted on going to trial. Doc. 1 at PageID 4. In his memorandum in support of the motion, he says that, because of these things, his plea was not knowing and voluntary. Doc. 3.

A valid guilty plea waives all nonjurisdictional defects, including claims of ineffectiveness (except as it relates to the voluntariness of the plea). *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). This includes claims regarding failure to investigate or challenge police misconduct and the like. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000). Where, as here, failure to litigate a Fourth Amendment claim competently is the principle allegation of ineffectiveness, movant must prove that his Fourth Amendment claim is meritorious. *Kimmelman v. Morrison*, 477 U.S 365, 375 (1986). In addition, movant must show that but for counsel's error, he would not have pleaded guilty but would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Movant's allegation that his consent to the search was not knowing and voluntary is belied by the record. Movant does not dispute that he signed the consent attached as an exhibit to the government's appendix. Doc. 11 at 3. The consent form is in Spanish and movant initialed the provisions showing he knew he could refuse to consent to the search and that his consent was

5

voluntary. *Id.* A search conducted pursuant to a valid consent is constitutionally permissible. *Schneckloth v. Bustamonte*, 412 U.S. 218, 222 (1873). Here, for the reasons discussed in the government's response, Doc. 10 at 12–14, the totality of the circumstances show that movant's consent was voluntary. *United Stated v. Perales*, 886 F.3d 542, 546 (5th Cir. 2018); *United States v. Tompkins*, 130 F.3d 117, 121 (5th Cir. 1997)(listing six factors to be considered). Because movant would not have had an appreciable chance of success on a motion to suppress, he cannot prevail. *See Cavitt*, 550 F.3d at 441.

Even if a motion to suppress would have had the slightest merit, movant still would not be entitled to relief as he has not shown that he would have insisted on going to trial. In this case, movant admits that the evidence he says should have been suppressed only affected his sentencing guideline calculation.[4] Doc. 3 at PageID 27, PageID 31, PageID 38. It was not necessary to prove the offense to which he pleaded guilty. In fact, movant does not question the overwhelming evidence of his guilt of conspiring to traffic methamphetamine. He simply says in a conclusory way that had he known he had a right to refuse to consent to the search of his home, he would have insisted on going to trial. Of course, conclusory claims do not raise constitutional issues. *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998). The record does not support the contention that extraneous evidence would have played any role in his decision to plead guilty. Movant has nothing more than his *post hoc* assertion to support the claim that he would have gone to trial but for counsel's error. That is not enough. *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017).

---

[4] The evidence seized was a gun that supported the dangerous weapon enhancement and marijuana that added additional drug weight and supported the enhancement for maintaining a drug premises. CR Doc. 431, ¶¶ 23, 27, 34, 36.

## V. CONCLUSION

For the reasons discussed herein, movant's motion under § 2255 is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 25th day of March, 2021.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**